# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **STEVEN CONNELL,** *individually and on behalf of all similarly situated employees,*<br><br>Plaintiffs,<br><br>v.<br><br>**APEX SYSTEMS, LLC,**<br><br>Defendant. | Civil Action No. 3:19-cv-00299 |

## JOINT STIPULATION OF SETTLEMENT

This Joint Stipulation of Settlement ("Joint Stipulation") is made and entered into by Named Plaintiff Steven Connell ("Named Plaintiff"), on behalf of himself and the Opt-in Plaintiffs (collectively, "Plaintiffs"), and Defendant Apex Systems, LLC ("Defendant"), and is conditioned upon the Court's approval.

1. **DEFINITIONS**

    The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more precisely defined in another section.

    a.  "Action" means the civil action filed in the Eastern District of Virginia, *Connell, et al., v. Apex Systems, LLC*, Case Number 3:19-cv-00299.

    b.  "Court" means the United States District Court for the Eastern District of Virginia.

    c.  "Defendant's Counsel" means WILLIAMS MULLEN, P.C.

    d.  "Gross Settlement Amount" refers to the monetary amount that will be funded by Defendant in the amount of $595,000.00 that will be distributed in accordance with this Joint Stipulation.

e. "Net Settlement Amount" refers to the Gross Settlement Amount less (i) the amounts awarded by the Court for Plaintiffs' Attorneys' Fees and Costs; and (ii) the Service Awards for the Named Plaintiff and for Brittany Buechter, Sophia Rafool, Milana Montalto, Sarah Banks, Preston Hawn, Milton Dallas, Ashley Eckert, Andrew Kirkland, Carol Rubens and Kevin Brotherson.

f. "Parties" means Plaintiffs and Defendant, collectively and, separately, each is a "Party."

g. "Plaintiffs' Counsel" means the Law Offices of Peter T. Nicholl and Tucker Law Firm, PLC.

h. "Released Parties" means Defendant and includes all of its past and present companies, investors in those companies, controlling persons, parents, subsidiaries, affiliates, directors, officers, agents, attorneys, employees and benefit plans.

i. "Settlement" means the resolution of the Action as effectuated by this Joint Stipulation.

j. "Settled Claims" means any and all claims against Defendant, of any and all claims, whether known or unknown, arising out of the payment or non-payment of overtime compensation by Defendant through the date that each Settlement Class Member negotiates his or her Settlement Payment.

k. "Settlement Administrator" means a mutually-agreeable third-party administrator engaged by the Parties and paid out of the Attorneys' Fees and Costs.

l. "Settlement Class Members" means all persons who filed a written consent to join and have not been dismissed from this Action prior to the Settlement, and ninety one (91) persons

2

who filed a written consent to join and who were dismissed from this Action pursuant to the Court's Order compelling arbitration [ECF 122]. The Settlement Class Members are identified on Attachment A.

 m. "Settlement Payment" means the amount to be paid to each Settlement Class Member from the Net Settlement Amount as described in Section 5(d) of this Joint Stipulation.

## 2. THIS JOINT STIPULATION IS CONTINGENT ON COURT APPROVAL

If, for any reason, the material terms of this Joint Stipulation are not approved by the Court, this Joint Stipulation will be void and shall have no force or effect. Whether or not the Joint Stipulation is approved, neither the Joint Stipulation nor any document, statement, proceeding, or conduct related to this Joint Stipulation, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any Party. Pending Court Approval, the litigation is stayed and the Parties shall not pursue any discovery or otherwise litigate the claims.

## 3. DIRECT PAYMENT TO SETTLEMENT CLASS MEMBERS

The Settlement Class Members shall not be required to submit a claim form to participate in the Settlement. Settlement Class Members will be issued checks consistent with Section 8 of this Joint Stipulation.

## 4. STATEMENT OF NO ADMISSION

 a. Although the Parties do not abandon the positions they took in the Action, the Parties believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of these realities, the Parties believe that this Joint Stipulation is fair, reasonable, and the best way to resolve the *bona fide* wage dispute between them.

b.  Defendant denies all claims as to liability, wrongdoing, damages, penalties, interest, fees, injunctive relief and all other forms of relief, as well as the collective allegations asserted in the Action. Defendant has agreed to resolve the Action via this Joint Stipulation, but to the extent this Joint Stipulation is deemed void, Defendant does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by Named Plaintiff in the Action and/or any Opt-in Plaintiff should the case proceed, upon all procedural and substantive grounds, including the ability to challenge collective action treatment on any grounds, and to assert any and all other potential defenses or privileges (the "Rights").

5.  **MONETARY TERMS OF SETTLEMENT**

a.  In order to settle the Action, and as consideration for the release of claims set forth in this Joint Stipulation and dismissal of the Action, Defendant will pay a Gross Settlement Amount of $595,000.00, which shall be used to provide for: (i) Settlement Payments to the Settlement Class Members as described in this Joint Stipulation; (ii) Service Awards to the Named Plaintiff and Plaintiffs Brittany Buechter, Sophia Rafool, Milana Montalto, Sarah Banks, Preston Hawn, Milton Dallas, Ashley Eckert, Andrew Kirkland, Carol Rubens and Kevin Brotherson, as described herein; and (iii) Plaintiffs' Attorneys' Fees and Costs.

b.  Settlement Administration. The costs of Settlement Administration shall be paid from the Plaintiffs' Attorneys' Fees and Costs. The Parties may communicate directly with the Settlement Administrator to expedite the settlement administration process.

c.  Gross Settlement Amount Allocation.

(i)  The amount available from the Gross Settlement Amount for the Settlement Class Members' *pro rata* Settlement Payments (the "Net Settlement Amount") shall be the Gross Settlement Amount minus the amounts paid to (1) the Named Plaintiff as a Service Award; (2)

4

Plaintiffs Brittany Buechter, Sophia Rafool, Milana Montalto, Sarah Banks, Preston Hawn, Milton Dallas, Ashley Eckert, Andrew Kirkland, Carol Rubens and Kevin Brotherson as Service Awards; and (3) Plaintiffs' Counsel for Attorneys' Fees and Costs. The amounts to be deducted from the Gross Settlement Amount are set forth below in subparagraphs (ii), (iii), and (iv):

   (ii) In addition to his *pro rata* share of the Net Settlement Amount, in recognition of his service to the Opt-in Plaintiffs and the Settlement Class Members and in exchange for the release set forth in Section 6, the Named Plaintiff shall receive an additional payment of Seven Thousand Five Hundred Dollars ($7,500) as a Service Award. In recognition of the service of Plaintiffs Brittany Buechter, Sophia Rafool, Milana Montalto, Sarah Banks, Preston Hawn, Milton Dallas, Ashley Eckert, Andrew Kirkland, Carol Rubens and Kevin Brotherson to the other Opt-in Plaintiffs and the Settlement Class Members, these Plaintiffs shall each receive an additional payment of One Thousand Dollars ($1,000) as Service Awards.

   (iii) An amount of $365,000 shall be paid to Plaintiff's Counsel for Attorneys' Fees and Costs, including settlement administration fees and costs (the "Attorneys' Fees and Costs").

  d. <u>Settlement Payments</u>: Each Settlement Class Member's Settlement Payment was calculated as follows:

   (i) For each pay period during which the Settlement Class Members worked as a Technical Recruiter for Defendant from the three (3) years prior to when they joined the Action, Plaintiffs' Counsel determined the overtime wage damages for each individual by:

    1. Calculating the regular rate of pay for each pay period by dividing the total regular earnings paid by the total hours worked (the "Regular Rate"). For those individuals who worked in California

5

and Pennsylvania, their Overtime Rate was equal to time-and-a-half their Regular Rate; for all other individuals, their Overtime Rate was equal to half their Regular Rate (the "Overtime Rate");

2. For those Settlement Class Members whose Regular Earnings could not be determined, then the class average Overtime Rate was used;

3. The Settlement Class Members' "Total Weeks Worked" equal the weeks worked in each individual's statutory time period, assuming a three (3) year statute of limitations.

4. Each Settlement Class Member was assumed to have worked 3.04 hours of overtime each week that they worked in that time period (the "Overtime Hours").

5. The Overtime Hours were multiplied by the applicable Overtime Rate to equal the Owed Overtime Wages for each Settlement Class Member.

(ii) The ratable shares of the Net Settlement Amount for the Settlement Class Members were determined by dividing each individual's Owed Overtime Wages (the numerator) by the total of all Owed Overtime Wages for all Settlement Class Members (the denominator). The result is each individual's Pro Rata Factor. The Pro Rata Factors for the Settlement Class Members multiplied by the Net Settlement Amount is each individual's "Preliminary Settlement Amount."

(iii) Settlement Class Members shall be eligible to receive a minimum Settlement Payment of $250.00 ("Minimum Settlement Payment"). If the Settlement Class Member's Preliminary Settlement Amount was less than $250.00, their Settlement Payment was increased to the Minimum Settlement Payment of $250.00.

(iv)     All Minimum Settlement Payments were subtracted from the Net Settlement Amount, which yielded the "Adjusted Net Settlement Amount." The Pro Rata Factor of any Settlement Class Member whose Preliminary Settlement Amount exceeded $250.00 was recalculated, omitting data from all Minimum Settlement Payment recipients. Their Owed Overtime Wages was divided by the sum of all Owed Overtime Wages for all individuals whose Preliminary Settlement Amount exceeds $250.00. The quotient is referred to as the "Adjusted Pro Rata Factor." The Settlement Payment for each Settlement Class Member whose Settlement Amount exceeded $250.00 was computed by multiplying his or her Adjusted Pro Rata Factor by the Adjusted Net Settlement Amount.

e.    The Defendant shall issue two checks to each Settlement Class Member as payment of his or her Settlement Payment as follows (and as detailed on the Payment Chart, attached hereto as Exhibit A):

(i)    Wage Check: Defendant shall issue a check to each Settlement Class Member in the amount of one-half of his or her Settlement Payment. Regular employee payroll deductions shall be taken from this portion of each Settlement Payment to the Settlement Class Members. Defendant shall withhold and timely remit and report to the appropriate taxing authorities the employee's share of any applicable payroll taxes or contributions (i.e. FICA, FUTA, SUTA, and Medicare) from that portion of each Settlement Payment allocated to wages. Defendant shall issue an IRS Form W-2 for this portion of the Settlement Payment to the Settlement Class Member.

(ii)    Non-wage Check: Defendant shall issue a check to each Settlement Class Member in the amount of one-half of the Settlement Payment. This portion of the Settlement Payment shall not be subject to payroll withholdings and deductions and shall be reported as non-

7

wage income as required by law. Defendant shall issue an IRS form 1099 for this portion of the Settlement Payment to the Settlement Class Member.

(iii) In the case of a Settlement Class Member who receives a Service Award, payroll deductions and taxes shall not be taken from the Service Award paid to the Settlement Class Member. Defendant will issue an IRS Form 1099 to the Named Plaintiff and Plaintiffs Brittany Buechter, Sophia Rafool, Milana Montalto, Sarah Banks, Preston Hawn, Milton Dallas, Ashley Eckert, Andrew Kirkland, Carol Rubens and Kevin Brotherson for their Service awards.

(iv) Other than the withholding and reporting requirements in this section, the Settlement Class Members shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Joint Stipulation.

c. None of the amounts paid to the Settlement Class Members shall create any credit for, or be included in, or otherwise affect or alter the calculation or accrual of any employee benefit plans, programs, agreements or policies supplied, sponsored, maintained, contributed or otherwise provided by Defendant, including for purposes of any incentive plan.

6. **RELEASE OF CLAIMS**

a. On June 20, 2019, this Court conditionally certified a collective, defined as follows: Any and all full-time Technical Recruiters who were paid a salary during the last three (3) years prior to the filing of the Complaint... "Technical Recruiter" means any employee that Apex refers to as "Recruiter ST (ST meaning Sales Trainee), Hub Recruiter, [or] Recruiter." This Joint Stipulation and the subsequent dismissal is intended to resolve the claims of the defined Collective, as well as the individual claims of the Settlement Class Members.

b. It is hereby agreed, by and between the Plaintiffs, and Defendants, and subject to

8

the approval of the Court, in consideration of the benefits inuring to the Parties hereto, that each Settlement Class Member shall be deemed to have jointly and severally released and discharged the Released Parties from any and all Settled Claims upon the negotiation of the Settlement Class Member's Settlement Payment.

  c. The Parties have engaged in settlement negotiations through their attorneys and agree that they have reached an agreement with respect to settlement of FLSA claims, as memorialized herein. Each of the Parties acknowledges that he, she, or it has had the benefit of advice, investigation and/or recommendations with reference to the subject matter of this Settlement Agreement. The Parties acknowledge that they have conducted extensive discovery in this matter. Each Party expressly acknowledges that they understand that the discovery of additional information or records relevant to this Action shall not be a reason to vacate or nullify this Settlement Agreement.

## 7. **ATTORNEYS' FEES AND COSTS**

  a. Subject to the Court's approval upon consideration of the Joint Motion for Approval, Plaintiffs' Attorneys' Fees and Costs shall be $365,000.00. This will compensate Plaintiffs' Counsel for work already performed in this Action, as well as all of the work remaining to be performed in this Action, including, but not limited to, documenting the Settlement, securing Court approval of the Settlement, ensuring that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action.

  b. Defendant acknowledges that the Parties negotiated the Attorneys' Fees and Costs separately and independently from the Net Settlement Amount to be paid to Settlement Class Members based on the lodestar method. Accordingly, Defendant agrees that the negotiated Attorneys' Fees and Costs are reasonable. Plaintiffs' Counsel reserves the right to appeal any

order issued by the Court regarding an award of attorneys' fees and costs that falls below that requested. Defendant will not object to or otherwise comment on Plaintiffs' Counsel's request for Court approval of a fees and costs awarded from the Gross Settlement Amount in these amounts or in any appeal regarding such approval. This Settlement Agreement is not conditioned upon the Court's approval of Plaintiff's fees and costs.

    c.    Plaintiffs and Plaintiffs' Counsel understand and agree that Plaintiffs' Counsel's Attorneys' Fees and Costs will be the full, final, and complete payment of all attorneys' fees and costs arising from and/or relating to the representation of the Settlement Class Members or any other attorneys' fees and costs associated with the investigation and/or prosecution of the FLSA claims asserted in the Action. As an inducement to Defendant to enter into this Joint Stipulation, and as a material condition therefore, the Plaintiffs and Plaintiff's Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against Defendant for attorneys' fees or costs arising from or relating to the individuals and matters identified in this Joint Stipulation, only. Furthermore, the Plaintiffs and Plaintiff's Counsel represent and warrant that no attorney, other than Plaintiffs' Counsel, has any attorney's fee or lien on or claim to any proceeds arising out of, by virtue of, or in connection with the FLSA claims asserted in the Action, and that the terms of this Joint Stipulation shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the overtime wage claims asserted in the Action. Nothing in this Section shall preclude Plaintiff from appealing the allocation of Plaintiff's Counsel's Fees and Costs should the sum awarded by the Court fall below the amount described in Section 7(a) of this Joint Stipulation. If, following the exhaustion of such appeal, the distribution of the Net Settlement Amount has already occurred, any remaining or reduced amounts shall be returned to Defendant.

d.       The Attorneys' Fees and Costs award approved by the Court shall be paid to Plaintiffs' Counsel from the Gross Settlement Amount as set forth in Section 5(c). Defendant shall report the payment of these fees and costs to Plaintiffs' Counsel on an IRS Form 1099.

e.       The payment of Attorneys' Fees and Costs to Plaintiffs' Counsel shall constitute full satisfaction of the obligation to pay any amount to any person, attorney, or law firm for attorneys' fees, expenses, or costs in the Action incurred by any attorney on behalf of the Settlement Class Members, and shall relieve Defendant, the Released Parties, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Settlement Class Members. In exchange for such payment, Plaintiffs' Counsel will release and forever discharge any attorneys' lien on the Gross Settlement Amount.

f.       All of Defendant's legal fees, costs and expenses incurred in this Action shall be borne by Defendant.

## 8.   SETTLEMENT TIMELINE

The Parties agree to the following timeline for the completion of the Settlement and dismissal of the Action, with the clarification that, if any appeal of the Approval Order is made by any person, no Settlement Payments or attorneys' fees payments shall be made until all appeals are decided and the case is returned to the District Court, and there is a valid order in place that the Settlement Payments or attorneys' fees should now be made. If no such timely appeal is filed, the timeline is as follows:

a.       <u>Settlement Approval:</u> The Parties shall file a Joint Motion for Approval of Settlement as soon as practicable.

b.       <u>Payment of Plaintiffs' Attorneys' Fees and Costs, Settlement Payments and Service</u>

Awards:

(i) Within thirty (30) days after the Court enters an Order approving this settlement, Defendant shall deliver to the Settlement Administrator (1) Wage Checks and Non-Wage Checks issued to all Settlement Class Members pursuant to Section 5(e) and Exhibit A attached hereto, (2) a check issued to the Named Plaintiff for his Service Award, (3) checks to Plaintiffs Brittany Buechter, Sophia Rafool, Milana Montalto, Sarah Banks, Preston Hawn, Milton Dallas, Ashley Eckert, Andrew Kirkland, Carol Rubens and Kevin Brotherson for their Service Awards, and (4) a check issued to Plaintiffs' Counsel for their award of Attorneys' Fees and Costs.

(ii) Within five (5) business days after receipt from Defendant, the Settlement Administrator shall send the Settlement Payments via First Class U.S. Mail to each Settlement Class Member. The Settlement Administrator shall include the Notice of Settlement attached hereto as Exhibit B with each Settlement Payment. The Settlement Administrator shall also include the Service Award payment to each Settlement Class Member who received a Service Award with the Settlement Payment.

(iii) Within five (5) business days after receipt from Defendant, the Settlement Administrator shall send the Attorneys' Fees and Costs via First Class U.S. Mail to Plaintiffs' Counsel.

(iv) If any Settlement Payment check is returned to the Settlement Administrator as undeliverable with a forwarding address, the Settlement Administrator will promptly forward the Settlement Payment to the forwarding address. If any Settlement Payment check is returned to the Settlement Administrator as undeliverable without a forwarding address, the Settlement Administrator will run a new search for a current address through available databases, such as Accurint, and will forward the Settlement Payment to the new address obtained in this manner, if

any. If, after this second mailing, the Settlement Payment is again returned as undeliverable and if no other forwarding address is provided by the Settlement Class Member or is otherwise located before one hundred eighty (180) days after the entry of the Order approving this Settlement, the mailing process shall end for that Settlement Class Member.

  c. Settlement Class Members shall have ninety (90) days from the date of issue to negotiate the Settlement Payment checks. Any checks that remain uncashed after ninety (90) days from the date they are issued by the Settlement Administrator shall be deemed void. Any and all funds remaining shall revert to Defendant.

  d. <u>Effect of Negotiating Settlement Payment</u>: Upon the negotiation of any Settlement Payment check, a Settlement Class Member shall be deemed to have released Defendant from any and all Released Claims.

  e. <u>Dismissal of the Action</u>: Together with the Joint Motion for Approval of the Settlement, Plaintiff shall present a Final Judgment and Order of the Parties' Stipulation of Dismissal ("Final Judgment") to the Court for its approval. The Final Judgment shall provide that the Action is dismissed with prejudice.

## 9.   CONSTRUCTION

The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm's-length negotiations between the Parties. Accordingly, this Joint Stipulation is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Joint Stipulation.

13

10. **MODIFICATION**

This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court. This Joint Stipulation may not be discharged except by performance with its terms or by a writing signed by the Parties and approved by the Court.

11. **THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE**

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action and have diligently pursued an investigation of the claims alleged in the Action. The Parties further represent and warrant that they believe this Settlement is a fair and reasonable resolution of this Action and that they have arrived at this Settlement in arm's-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations and mediation.

12. **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Joint Stipulation and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Joint Stipulation and all orders and judgments entered in connection therewith.

13. **APPLICABLE LAW**

The terms of this Joint Stipulation shall be governed by and construed in accordance with Virginia law.

14. **BINDING ON SUCCESSORS AND ASSIGNS**

This Joint Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

15. **COUNTERPARTS**

This Joint Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties. Electronic signatures and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

16. **PARTIES' AUTHORITY**

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation of Settlement and bind the Parties to its terms and conditions. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement Agreement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

DATED: 2/24/2020 , 2020     Steven Connell,

*Steven Connell*

Named Plaintiff on behalf of himself and the Settlement Class Members

DATED: February 24 2020     Apex Systems, LLC

By: _____

Its: Director, Assistant General counsel

16