# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| **STEVEN CONNELL,** *individually and on behalf of all similarly situated employees,* <br><br> Plaintiffs, <br><br> v. <br><br> **APEX SYSTEMS, LLC,** <br><br> Defendant. | Civil Action No. 3:19-cv-00299 |

## SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT OF FAIR LABOR STANDARDS ACT COLLECTIVE ACTION

Comes now the Plaintiffs and Defendant, through their respective counsel, and file this Supplemental Memorandum jointly to advise the Court of the status of the settlement administration and to correct information previously provided to the Court. On March 18, 2020, the parties filed a Supplemental Memorandum providing information requested by the Court to determine the fairness of the settlement of this matter. In performing its due diligence in preparing to administer the settlement, Plaintiffs' counsel discovered that some of that information was incorrect. Accordingly, the parties file this Supplemental Memorandum to provide the Court with the accurate information.

On March 19, 2020, Plaintiffs' Counsel sent Plaintiffs a letter advising them that the settlement hearing had been rescheduled to April 29, 2020. In that communication, Plaintiffs' Counsel also advised each Plaintiff of their tentative settlement amount. Following this communication, two (2) Plaintiffs contacted Plaintiffs' counsel with questions regarding the

calculation of their tentative settlement awards. Discussions with these Plaintiffs prompted counsel to further investigate the calculation of their settlement figures.

Plaintiffs' counsel reviewed the damages calculations formula performed by EmployStats, an outside firm hired by Plaintiffs' counsel to assist in calculating plaintiffs' damages. Plaintiffs' counsel discovered that EmployStats misinterpreted two (2) distinct portions of the data. This misinterpretation appears to be a result of human error, as the data on which the damages calculations were based needed to be converted from individual PDF paystubs to a master Excel spreadsheet manually.[1] As a result, there were errors in Plaintiffs' damages calculations such that they did not follow the formula agreed to in the settlement agreement.

The first was specific to using averages to formulate Plaintiffs' overtime rates, instead of the rates specific to each Plaintiff. Column M ("Overtime Rate") of Exhibit 1 indicates each Plaintiff's overtime rate, which is a "half-time" rate and was determined by dividing the hourly rate found on each Plaintiff's paystub by two (or if they worked in California or Pennsylvania, where a "half-time" rate does not apply, multiplying it by 1.5). In the first calculation, EmployStats used $8.08 as the regular rate of pay for many Plaintiffs, rather than using their actual pay rate. In addition, many Plaintiffs received pay raises throughout their employment. EmployStats used the last and highest pay rate for each Plaintiff, instead of the actual pay rates throughout their employment.[2] Column N ("Original Overtime Rate") shows the rate from the EmployStats calculation. Column O ("Difference") shows the difference between the actual pay rate, and the pay rate used by EmployStats. This has been outlined to show the Court the corrected figures.

---

[1] A copy of the revised spreadsheet is attached hereto as Exhibit 1.
[2] For example, Plaintiff Alexander Mann received two pay raises throughout his employment as a Technical Recruiter with Defendant. The overtime rate from when he was first hired on March 13, 2017 until November 4, 2017 was $7.27. On November 5, 2017, his overtime rate was $8.08, until January 13, 2018. After that, his overtime rate was $8.88. In Plaintiffs' previous damage calculation, Plaintiff Mann's calculation did not take these different rates into account; only his highest $8.88 overtime rate was used. As a result, Plaintiff Mann's revised damages are now lower.

The second error was specific to not using the actual end date for Plaintiffs' employment. Again, the data had to be manually converted to Excel from PDF paystubs. Defendant paid Plaintiffs weekly, so each paystub encompassed one week of employment. When converting the data into an Excel spreadsheet, EmployStats often used the last date of the paystub, instead of the last date worked by the Plaintiff. Additionally, EmployStats often used the first date of the paystub, rather than the first date of employment. When Plaintiffs' Counsel went back to double check this data, some start dates had to be adjusted according to the date found on each Plaintiff's Offer letter. Column J ("Total Weeks Worked") shows the correct weeks worked. Column K ("Original Weeks Worked") shows the previous, incorrect weeks worked. Column L ("Difference") is the difference between the two. Many of the weeks are off by .14, because the pay period began on a Sunday, but Plaintiffs did not begin work until that next Monday (1/7 = .14). Plaintiffs' counsel have reviewed all of the data and calculations, identified the errors that resulted from the misinterpretation of data, and corrected these errors.

In an abundance of caution and exercising due diligence, Plaintiffs' counsel have also conducted a comprehensive review of all of the data, which includes every calculation attributable to each Plaintiff. During that review process, Plaintiffs' counsel identified another error specific to misapplying the Fluctuating Workweek ("FWW") method of analysis to the Plaintiffs who reside in states where said method is inapplicable (California and Pennsylvania). To be sure that each person who worked in California or Pennsylvania receives their full damage awards, Plaintiffs' Counsel reviewed all paystubs and marked on the spreadsheet the state in which they worked. Thus, Plaintiffs' Counsel can assure that each Plaintiff's damages are correct and accurate.

Plaintiffs' updated damages are illustrated in the spreadsheet attached. The settlement amounts have been adjusted to the numbers shown in Exhibit 1. Because Plaintiffs negotiated a

settlement of $230,000, the number of overtime hours had to be amended each time calculations were adjusted. This yielded an updated figure of 2.99169189 as the average number of overtime hours worked by each Plaintiff.

Plaintiffs' counsel have already begun contacting each Plaintiff to explain the reasons attributable to their updated figures, and will send each Plaintiff a copy of Exhibit 2, which explains the basis of their amended settlement award.

Respectfully,

/s/ William C. Tucker
William C. Tucker (VSB No. 40754)
Tucker Law Firm, PLC
690 Berkmar Circle
Charlottesville, Virginia 22901
Telephone: (833) 388-2537
bill.tucker@tuckerlawplc.com

Benjamin L. Davis, III (29774)*
Kelly A. Burgy (20758)*
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
bdavis@nicholllaw.com
kaburgy@nicholllaw.com
* *Admitted pro hac vice*

*Attorneys for Plaintiffs*

/s/ Laura D. Windsor
Laura D. Windsor (VSB No. 70354)
Amanda M. Weaver (VSB No. 86782)
Williams Mullen, P.C.
200 South 10th Street, Suite 1600
Richmond, Virginia 23218
Telephone: (804) 420-6226
lwindsor@williamsmullen.com
aweaver@williamsmullen.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May 2020, a copy of this Second Supplemental Memorandum was filed via this electronic system and was served on the following attorneys for Defendant:

Laura Denise Windsor
Amanda M. Weaver
Williams Mullen
200 South 10th Street
Suite 1600
Richmond, Virginia 23219
lwindsor@williamsmullen.com
aweaver@williamsmullen.com

*Attorneys for Defendant*

                                               /s/ William C. Tucker
                                               William C. Tucker (VSB No. 40754)
                                               Tucker Law Firm, PLC
                                               690 Berkmar Circle
                                               Charlottesville, Virginia 22901
                                               Phone: (833) 388-2537
                                               Fax:    (833) 288-2537
                                               Email: bill.tucker@tuckerlawplc.com